**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:                                                                                     Chapter 7

                                                                                           Bankruptcy Case No. 17-30866

Tiffani A. Felder                                                                          Adversary No.

    Debtor

_____/

AmeriCash Loans, L.L.C. dba AmeriCashLoans.net,

    Plaintiff,

v.

Tiffani A. Felder

    Defendant.

_____/

## COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF INDEBTEDNESS

    Plaintiff, AmeriCash Loans, L.L.C. dba AmeriCashLoans.net ("Plaintiff"), brings this corrected complaint against Defendant, Tiffani A. Felder ("Defendant"), for a determination that consumer loan ending in X453 she obtained from Plaintiff, thirty-five (35) days prior to the filing of her Chapter 7 bankruptcy petition is non-dischargeable pursuant to Section 523(a)(2)(A) and 523(a)(2)(C)(II) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

### STATUTORY PREDICATE FOR RELIEF, PARTIES, JURISDICTION AND VENUE

    1.    This adversary proceeding is brought pursuant to section 523(a)(2)(A) and 523(a)(2)(C)(II) of the Bankruptcy Code.

2. Plaintiff is a Delaware limited liability company licensed to do business in the State of Illinois with all fees and licenses paid and otherwise is entitled to bring this action.

3. On October 16, 2017 (the "Petition Date"), Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code.

4. The Court has jurisdiction under 28 U.S.C. § 1334.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1409 (a).

## CAUSE OF ACTION FOR FRAUD, MISREPRESENTATION AND FALSE PRETENSES

7. On September 11, 2017, Defendant applied for and entered into a consumer loan agreement in the amount of $1,200.00 with Plaintiff (the "Agreement"), the last three digits of which were X453. A copy of the Agreement is attached hereto and made apart hereof as Exhibit "1".

8. Because Plaintiff permitted Defendant to obtain the Loan, Plaintiff believes and therefore alleges that it followed its customary procedures before extending loans to new customers.

9. Upon information and belief, the Loan was incurred for consumer debt as defined by Section 101(8) of the Bankruptcy Code.

10. On September 12, 2017, Plaintiff provided Defendant with $1,200.00 pursuant to the Agreement.

11. By entering into the Agreement with Plaintiff, Defendant agreed to repay the Loan.

Standards for Non-Dischargeability

12. To obtain a determination under section 523(a)(2) of the Bankruptcy Code that a debt is non-dischargeable, the plaintiff must show that (a) the defendant made representations to the plaintiff, (b) the defendant knew the representations were false, (c) the defendant made the misrepresentations with the intention of deceiving the plaintiff, (d) the plaintiff justifiably relied on such representations and (e) the plaintiff sustained a loss as the proximate result of the defendant's conduct. *See, e.g., Grogan v. Garner,* 498 U.S. 279, 287-288, 111 S.Ct. 654, 659-660 (1991). *See also Field v. Mans*, 116 S.Ct. 437 (1995); *Citibank v. Eashai*, 87 F.3d 1082, 1092 (9th Cir. 1996); *In re Hostetter,* 320 B.R. 674, 681 (Bankr. N.D.Ind. 2005); *in re Briese,* 196 B.R. 440, 446 (Bankr. W.D.S.Wis 1996); see also *Mayer v. Spanel Intern Ltd.*, 51 F.3d 670, 673 (7th Cir. 1995).

Defendant's Representations

13. By applying for Loan X453, entering into the Agreement and accepting the Loan, Defendant represented that she would repay the Loan in accordance with the terms and conditions of the Agreement (the "Representations").

14. Pursuant to the Loan Agreement under Representations and Warranties the Defendant explicitly promises, represents and warrants under line (g) "that you are not currently a debtor under any proceeding in bankruptcy and that you have **no intention** to file a petition for relief under any chapter of the United States Bankruptcy Code."

15. Defendant intended for Plaintiff to rely on the Representations.

16. The Representations induced Plaintiff to extend Loan X453 to Defendant.

Defendant's Representations Were Knowingly False

17. Courts may infer a debtor's lack of intent to repay from objective factors. *In re Eashai,* 87 F.3d 1082 (9th Cir. 1996); *see also In re Dougherty*, 84 B.R. 653, 656 (9th Cir. BAP 1988); *In re Hostetter*, 320 B.R. 674, 685 (Bankr. N.D.Ind. 2005); *In re Green*, 286 B.R. 173, 180 (Bankr. C.D.Ill. 2003); *In re Canovas*, 237 B.R. 428 (Bankr. N.D.Ill. 1998); *In re Nahas*, 181 B.R. 930, 934 (Bankr. S.D.Ind. 1994). These factors include but are not limited to:

    a. The length of time between the charges made and the filing of bankruptcy;

    b. Whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made;

    c. The number of charges made;

    d. The amount of the charges;

    e. The financial condition of the debtor at the time the charges are made;

    f. Whether the charges were above the credit limit of the account;

    g. Whether the debtor made multiple charges on the same day;

    h. Whether or not the debtor was employed;

    i. The debtor's prospects for employment;

    j. Financial sophistication of the debtor;

    k. Whether there was a sudden change in the debtor's buying habits; and

    l. Whether the purchases were made for luxuries or necessities

18. The objective factors in this case support the inference that Defendant did not intend to repay the Loan: a) Defendant obtained the Loan 35 days prior to signing her Petition and made zero payments back on the loan prior to filing for bankruptcy; b) Defendant retained her attorney only 18 days after taking out the loan;  c) Defendant's monthly net income was negative $62.00 at the time of filing for bankruptcy, it is improbable that the Defendant's income

changed drastically since the Loan application date and it would render the loan payment in the amount of $226.11 bi-weekly impossible for the Defendant to repay; e) Defendant owed $32,757.00 in unsecured debt, $30,775.00 in secured debt and $0.00 in priority unsecured debts at the time she entered into the Loan, which is not reflected in the Defendant's monthly net income; f) Defendant did not expect her monthly income to increase in the year after she filed for bankruptcy.  g) Defendant did not suffer any losses one year prior to filing for bankruptcy; h) Defendant was as a Phlebotomist at the time of the Loan.

19. The facts alleged in paragraph 18 compel the inferences that Defendant knew that her Representations were false and that she made the Representations to deceive the Plaintiff.

Plaintiff Justifiably Relied On The Representations.

20. Upon information and belief, Defendant was insolvent at the time of the Loan.

21. Plaintiff had no notice before the Petition Date that Defendant was insolvent.

22. Indeed, Plaintiff had no notice of the true nature of Defendant's financial condition.

23. Plaintiff justifiably relied on the Defendant's Representations.

Plaintiff Was Damaged

24. Plaintiff has incurred damages including interest and fees up to the time of filing in the amount of $1,416.08 by extending the Loan to the Defendant in reliance upon the Representations.

25. Defendant obtained the Loan from Plaintiff through false pretenses, false representations and actual fraud.

**CAUSE OF ACTION FOR 11 U.S.C. §523(a)(2)(C)(II)**

1. The Defendant made a $1,200.00 cash advance and/or cash transaction within 70 days of filing his bankruptcy pursuant to Loan.

2. To the Extent that the Defendant incurred cash advances aggregating more than $750.00 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C)(II).

3. Based on the foregoing, the $1,200.00 cash advance and/or cash transaction pursuant to Loan is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(C)(II).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of an order:

1. Declaring that the debt owed to AmeriCash Loans, L.L.C. dba AmeriCashLoans.net is not dischargeable pursuant to section 523(a)(2)(A) and §523(a)(2)(C)(II) of the Bankruptcy Code;

2. Awarding Plaintiff a non-dischargeable judgment against Defendant for the debt owed to AmeriCash Loans, L.L.C. dba AmeriCashLoans.net; and

3. Providing for such other relief as justice may require.

DATED: January 15, 2018

                Attorneys for Plaintiff

                **/s/ Brandon S. Lefkowitz**
                Brandon S. Lefkowitz
                ARDC No. 6301839
                24100 Southfield Road, Suite 203
                Southfield, MI 48075
                Phone: (248) 559-0180
                brandon@lefkowitzlawgroup.com

# EXHIBIT "1"

# CONSUMER LOAN AGREEMENT AND TRUTH-IN-LENDING ACT DISCLOSURE



**LENDER**
AmeriCash Loans, L.L.C. dba AmeriCashLoans.net
880 Lee Street Suite 300
Des Plaines, Illinois 60016
Phone (888) 907-4227 • Fax (847) 635-7124
http://www.americashloans.net

**NAME AND ADDRESS OF BORROWER**
TIFFANI FELDER
12405 s ada st
chicago, IL 60827

**SOCIAL SECURITY**
XXX-XX-5802

**LOAN NUMBER**
00643453

**DATE OF THIS NOTE**
09/11/2017

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| **401.2109%** | **$1,539.89** | **$1,200.00** | **$2,739.89** |

**PAYMENT SCHEDULE:**

| Nº of Payments | Amount of Payments | Payments are Due | Bi-Weekly |
|---|---|---|---|
| 1 | $252.68 | Beginning | 09/28/2017 |
| 11 | $226.11 | Last Payment (Maturity) is Due: | 03/01/2018 |

**PREPAYMENT:** If you pay off this Loan early you will not have to pay a penalty and may be entitled to a refund of part of the Finance Charge.
**SECURITY:** Your Wage Assignment and Electronic Fund Transfer Authorization are security for this loan.
*See the terms below for any additional information about nonpayment, default, and prepayment refunds and penalties.*

Itemization of Amount Financed of:   $1,200.00        Amount paid to others on your behalf: N/A
Amount paid on your account:         $0.00            To: N/A
Amount given to you directly:        $1,200.00        To: N/A

In this Agreement, the words "Borrower," "you," and "your" refer to the customer(s) signing below, and "Lender," "we," "us," and "our" refer to AmeriCash Loans, L.L.C. dba AmeriCashLoans.net at 880 Lee Street Suite 302, Des Plaines, IL 60016.

**PROMISE TO PAY:** Lender and Borrower enter into this Consumer Loan Agreement ("Agreement") for an Installment Payday Loan (the "Loan") pursuant to the Illinois Payday Loan Reform Act (815 Ill. Comp. Stat. 122/1-1 et seq.). You promise to pay the "Total of Payments", which consists of U.S. $1,200.00 (the "Principal"), plus interest, to the order of AmeriCashLoans.net in accordance with the payment schedule above in the Federal Truth-in-Lending Disclosure Statement. You understand that all payments received on this Agreement shall be applied first to the payment of interest accrued through the date the payment is made and any amount remaining after application to interest shall be applied to the reduction of unpaid principal. Any payment in excess that may occur at the end of the loan shall first be applied to any unpaid collection balances or fees before any refund is issued. Once the refund has been confirmed for release, it will be issued to you, unless that refund is less than $1.00.

**DELIVERY OF LOAN PROCEEDS:** We deliver the proceeds of this loan directly to you by company check or directly to Your Bank Account by ACH Credit or by EFT debit networks, unless the proceeds are used to repay an existing obligation to us. If to Your Bank Account, you hereby voluntarily authorize us, our successors or assigns, to initiate an automatic credit entry or deposit via EFT debit networks, as applicable, to your banking account.

We will provide you with a check or use commercially reasonable efforts to deliver the proceeds into Your Bank Account on 09/12/2017, ("Disbursement Date"), unless this is a refinancing transaction and the proceeds are applied to pay off your outstanding loan with us. If this is a refinancing, the Disbursement Date shall be the date of this Agreement. We rely on the representations of you and other third parties in making disclosures to you. Unavoidable delays as a result of inadvertent processing errors and/or "acts of God" may extend the time for the deposit. We will begin to earn the Finance Charge on the Disbursement Date.

**Loan Number** 00643453

**INTEREST AND PAYMENT:** You promise to pay us the principal amount of $1,200.00 ("Principal") plus interest and other permitted charges. We calculate and you agree we earn interest at the rate of 403.0000% per annum on the unpaid principal balance until paid in full. Interest on this Note will be computed based upon a 364 day year for the actual number of days elapsed. The Principal Amount is the amount paid to you or paid to your account or to others on your behalf. Interest will accrue beginning on the Disbursement Date and will accrue until the final Payment Date ("Maturity Date"). You agree to make payments as outlined above. Time is of the essence. If any Payment Date falls on a date we are not open for business, then you agree to pay us on the next business day, and we will credit such payment as if we received it on the appropriate Payment Date.

**RESCISSION:** You may rescind your loan at any time before the close of business on the next day of business after the Disbursement Date. You will not incur any costs, fees or finance charge if you rescind in accordance with this paragraph. You must inform us in writing that you wish to rescind your loan, and you must pay back the entire principal loan amount when you rescind.

**PREPAYMENT:** You may pay your loan in full at any time before the due date without incurring any prepayment penalty. To make arrangements for a prepayment, you must contact us by email at cs@americashloans.net or phone at (888) 907-4227. We will then communicate with you to arrange an authorization to debit funds from your bank account, or make other arrangements for the prepayment.

**DEFAULT:** You will be in default under this Agreement if you fail to keep any of your promises under this Agreement, including, but not limited to, your promise to have sufficient funds in Your Account for us to successfully negotiate the Check or ACH, if one has been provided, if you stop payment on a Check or ACH, or if any information you provide to us or any representation you make to us is false or misleading. In the event of default, we may exercise all our rights under the law, including but not limited to accelerating the entire amount due under this Agreement as allowed by law.

**DISHONORED CHECK FEE:** If any check, ACH debit or debit card transaction is returned or dishonored, we will charge you a maximum $25.00 fee pursuant to the Illinois Payday Loan Reform Act (815 Ill. Comp. Stat. 122/2-10(a)).

**GENERAL PROVISIONS:** Time is of the essence of this Agreement. This Agreement shall be construed, applied and governed by the laws of the State of Illinois. The unenforceability or invalidity of any portion of this Agreement shall not render unenforceable or invalid the remaining portions hereof. Pursuant to Comment 2(a)(25) of the Official Staff Commentary to Regulation Z §226.2, we are disclosing to you that our interest in your Wage Assignment and Electronic Fund Transfer Authorization, if applicable, is a security interest for Truth-in-Lending purposes only. This disclosure is not intended to create a security interest under Illinois law and shall not be evidence that this transaction is anything other than a transaction authorized by the Illinois Payday Loan Reform Act.

**OUR REMEDIES:** By choosing any one or more of the remedies provided, we do not give up our right to use another remedy later. By deciding not to use any remedy if you are in default for a particular event, we do not give up our right to consider the same event a default if it happens again. We may delay or refrain from enforcing any of our rights without waiving those rights.

> NOTICE OF FURNISHING NEGATIVE INFORMATION. WE MAY REPORT INFORMATION ABOUT YOUR ACCOUNT TO CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR ACCOUNT MAY BE REFLECTED IN YOUR CREDIT REPORT.

**JURY TRIAL WAIVER AND ARBITRATION CLAUSE:**
By signing below, you and we agree to the following Jury Trial Waiver and Arbitration Clause ("Clause"):

| What is arbitration? | An alternative to court. | In arbitration, a neutral third party arbiter ("Arbiter") decides disputes in a hearing ("hearing"). |
|---|---|---|
| Is arbitration different from | Yes. | Arbitration differs from court and jury trials in many ways.  For example, an arbitration hearing is private and less formal than court, and an Arbiter may |

**Loan Number** 00643453

| | | |
|---|---|---|
| court and jury trials? | | limit the parties' right to conduct pre-hearing investigation (called "discovery"). Despite such differences, the Arbiter of any Dispute can award the same damages and relief, and must honor the same terms in this Clause and this Agreement, as a court would. |
| **Who does this Clause cover?** | **You and Us** | This Clause governs you and us and your and our respective heirs, successors, and assigns (collectively, "parties"). |
| **Which Disputes are covered by this Clause?** | **All Disputes.** | This Clause governs all "Disputes".  For purposes of this Clause, "Disputes" means any and all claims, controversies and/or disputes arising from or related in any way to this Agreement as amended from time to time, and/or the Loan (including without limitation all extensions, renewals, modifications, refinancings, payment plans and/or collections of or relating to the Loan), whether arising at law or in equity.  The term Disputes also includes without limitation all claims related to setting aside this Clause and/or about this Clause's validity and scope, all claims about whether to arbitrate, and all claims that are the subject of class or collective actions.  Except for Disputes that are resolved by agreement of the parties or decided in small claims court in accordance with this Clause, and except as otherwise provided below in this paragraph, you and we agree that all Disputes shall be resolved by binding arbitration pursuant to and under the Federal Arbitration Act ("FAA"). Despite any other provision of this Clause, any question as to the validity of the portion of this Clause that prohibits class and collective arbitration shall be decided by a court and not by arbitration.  In the event that a court decides that the portion of this Clause that prohibits class and collective arbitration is unenforceable in any Dispute (and such decision is not reversed on appeal), the court shall retain jurisdiction over such Dispute and this Clause shall be null and void with respect to such Dispute. |
| **Are you waiving rights?** | **Yes.** | **The rights you are waiving in this Clause include, without limitation, your rights to:**<br>1. **have juries decide Disputes;**<br>2. **have courts decide Disputes, except for having small claims courts decide certain Disputes, as discussed below;**<br>3. **serve as a private attorney general or in a representative capacity in any Dispute; and**<br>4. **participate in a class or collective action, as a representative or member with respect to any Dispute.** |
| **Are you waiving class and collective action rights?** | **Yes.** | **UNDER THIS CLAUSE, ARBITERS AND SMALL CLAIMS COURTS WON'T ALLOW CLASS OR COLLECTIVE ACTIONS.**  You waive your rights to be in a class action or a collective action, as a representative and/or a member with respect to any Dispute, whether such Dispute is decided in arbitration or in court. |
| **Does the  FAA apply?** | **Yes.** | This Agreement involves interstate commerce, so the FAA governs any arbitration of any Dispute.  If a court finds that the FAA doesn't apply, and the finding can't be appealed, then your state's law governs. The Arbiter must apply substantive law consistent with the FAA. The Arbiter must follow all applicable statutes of limitation and apply all applicable common law and statutory privileges. |
| **Can the parties try to resolve Disputes by agreement?** | **Yes.** | We welcome any opportunity to resolve any Dispute by agreement prior to arbitration or small claims court.  If you are interested in attempting to reach such resolution, you should contact us with the details of the Dispute and your proposal for resolving the Dispute.  Despite the above, either party may initiate arbitration in accordance with this Clause or, as applicable, seek relief in small claims court.  No party will disclose settlement proposals to the Arbiter during arbitration. |
| **How should you contact us?** | **By mail or phone.** | Send mail to AmeriCashLoans.net, 880 Lee Street Suite 302, Des Plaines, IL 60016, or use certified mail to confirm receipt. You can call us at (888) 907-4227. |

**Loan Number** 00643453

| | | |
|---|---|---|
| **Can small claims court resolve <u>some</u> Disputes?** | Yes. | Each party may opt to bring any Dispute to a small claims court (rather than arbitration) if that court has the legal authority to resolve the Dispute. However, please note that your waiver in this Clause of class action rights and collective action rights, and the right to a jury trial, for any Dispute applies to both arbitration and small claims court. |
| **Will this Clause continue to govern?** | Yes, unless otherwise agreed. | This Clause stays effective unless the parties sign an agreement that specifically cancels it.  Without limiting the above, this Clause governs and remains effective if you rescind, default under, renew, prepay, or pay the Loan, and/or if this Agreement is terminated, amended or fully performed, and despite any transaction's termination, amendment, expiration, or performance. |
| **Do you need an attorney for arbitration?** | It is your choice. | You can participate in arbitration without representation or you may choose to be represented by an attorney or other authorized representative.  Because arbitration is a final, legally-binding process that impacts your legal rights, you may wish to consult with an attorney. |
| **How does arbitration start?** | **Mailing a demand.** | Either party may mail the other a demand to arbitrate, even if a lawsuit has been filed.  The demand should describe the Dispute and relief sought.  The receiving party must mail to the other party a response within 20 days after receipt of a demand to arbitrate. |
| **Who arbitrates?** | **AAA, JAMS, or another agreed Arbiter.** | If you mail the demand to arbitrate, you may choose American Arbitration Association ("AAA") (1-800-778-7879) http://www.adr.org ("AAA") or JAMS (1-800-352-5267) http://www.jamsadr.com ("JAMS") as the Arbiter, or your demand may state that you want the parties to choose an attorney, former judge or other arbiter in good standing with AAA or JAMS ("Local Arbiter") to serve as the Arbiter. We must mail to you a response to your demand within twenty (20) days after receiving your demand.  If in your demand you select AAA or JAMS as the Arbiter, then AAA or JAMS, as applicable, shall be the Arbiter.  If in your demand you propose a Local Arbiter, we must, in our response, either accept such Local Arbiter or propose a different Local Arbiter.  If we fail to do either of those things in our response, then your proposed Local Arbiter shall be the Arbiter.  If we propose a different Local Arbiter, then you must mail a response to us within ten (10) days after your receipt of such proposal and in such response you must either accept or reject our proposed Local Arbiter.  If you fail to timely respond to our proposal or if you accept our proposed Local Arbiter, then our proposed Local Arbiter shall be the Arbiter.  If you timely reject our proposed Local Arbiter, then your proposed Local Arbiter and our proposed Local Arbiter shall, within ten (10) days after our receipt of your rejection, jointly select a third Local Arbiter and such third Local Arbiter shall be the Arbiter. <br> If we mail the demand to arbitrate, you must mail to us a response to our demand within twenty (20) days after your receipt of our demand.  In your response, you must choose AAA or JAMS as the Arbiter, or propose a Local Arbiter to serve as the Arbiter. If you fail to do either of those things in your response or fail to timely respond, then we may, upon written notice mailed to you no later than forty (40) days after you received our arbitration demand, choose AAA, JAMS or a Local Arbiter to serve as the Arbiter and such choice shall be binding on you.  If you respond timely to our arbitration demand and select AAA or JAMS as the Arbiter, then AAA or JAMS, as applicable, shall be the Arbiter.  If you respond timely to our arbitration demand and propose a Local Arbiter to serve as the Arbiter, then we must mail to you our response to such proposal within ten (10) days after receiving your proposal and in such response must either accept such Local Arbiter or propose a different Local Arbiter.  If we fail to do either of those things in our response, or if we fail to timely respond to such proposal, then your proposed Local Arbiter shall be the Arbiter.  If we timely respond and propose a different Local Arbiter, then you must mail to us your response within ten (10) days after your receipt |

**Loan Number** 00643453

| | | |
|---|---|---|
| | | of such proposal and in such response you must either accept or reject our proposed Local Arbiter.  If you fail to timely respond or if you accept our proposed Local Arbiter, then our proposed Local Arbiter shall be the Arbiter.  If you timely reject our proposed Local Arbiter, then your proposed Local Arbiter and our proposed Local Arbiter shall, within ten (10) days after our receipt of your rejection, jointly select a third Local Arbiter and such third Local Arbiter shall be the Arbiter.<br>If none of the above-described options are available, and the parties can't agree on another option, then either party may petition a court of competent jurisdiction to appoint an Arbiter. |
| **Must the Arbiter follow AAA or JAMS consumer arbitration rules?** | **Yes.** | The Arbiter must arbitrate under AAA or JAMS consumer arbitration rules, as selected by the Arbiter.  You may obtain copies of AAA and JAMS consumer arbitration rules at the above-referenced websites of AAA and JAMS, respectively.  Any arbitration rules that conflict with any of our agreements with you, don't apply.  The Arbiter must enforce this Agreement and all other relevant agreements between you and us as they are written. |
| **Will the hearing be held nearby?** | **Yes.** | The Arbiter will order the hearing to be held in the county of your residence. |
| **What about appeals?** | **Appeal rights are limited.** | Judgment upon the Arbiter's decision in any arbitration arising from any Dispute may be entered in any court having jurisdiction.  Except as otherwise specifically provided below:<br>1.  the Arbiter's decision in any arbitration arising from any Dispute will be final and binding; and<br>2.  you and we waive all appeal rights with respect to any arbitration decision or small claims court decision with respect to any Dispute.<br>If the Arbiter's award exceeds $10,000.00, any party may appeal the Arbiter's award only by requesting in writing within fifteen (15) days after such award is entered a new AAA arbitration before a panel of three (3) neutral arbitrators designated by AAA. The appeal will be de novo, and decided by majority vote of such panel.  The decision of such panel shall be immediately final and binding.  If the Arbiter's award is equal to or less than $10,000.00 such award shall be final and binding and neither party may appeal it.<br>Any small claims court judgment with respect to any Dispute may only be appealed through AAA arbitration.  To commence an appeal of any such small claims court judgment, a party must request AAA arbitration in writing within fifteen (15) days after such small claims court judgment is entered.  If such AAA arbitration is timely requested, such arbitration shall proceed before a panel of three neutral arbitrators designated by AAA. The appeal will be de novo, and decided by majority vote of such panel.  The decision of such panel shall be immediately final and binding.<br>Except as otherwise specifically provided in this Clause, each party shall bear its own appeal costs and fees (including without limitation attorneys' fees and expenses). |
| **Will we advance Arbitration Fees?** | **Yes.** | Upon your written request in any arbitration initiated by you under this Clause, we will advance the applicable filing, administrative, hearing and Arbiter's fees required under AAA or JAMS consumer arbitration rules (depending on which rules are applicable hereunder) (collectively, "Arbitration Fees").  Except as otherwise specifically provided in this Clause, we will not advance any of, and you shall be responsible for paying all of, your costs and expenses arising from or relating to any arbitration under this Clause from time to time (including without limitation your attorneys' fees).   We will not advance or pay any of your costs, fees or expenses in small claims court (including without limitation your attorneys' fees).  In any arbitration initiated by us under this Clause, we will pay the applicable Arbitration Fees, except as otherwise provided in this Clause. |

**Loan Number** 00643453

| | | |
|---|---|---|
| **Are damages possible?** | Yes, if allowed by law. | Except as otherwise provided in this Clause, in arbitration for any Dispute, the Arbiter may, to the extent permitted by applicable law, award the same damages and relief as a court. |
| **Will you pay Arbitration Fees if you win?** | No. | If the Arbiter awards you funds in arbitration for any Dispute, you are not required to reimburse us for any of the Arbitration Fees for such Dispute. |
| **Will you ever pay Arbitration Fees?** | Yes. | If the Arbiter doesn't award you funds in arbitration for any Dispute, then you may be required to reimburse us the Arbitration Fees for such Dispute, to the extent determined by the Arbiter and permitted by applicable law. |
| **Can an award be explained?** | Yes. | A party may request that the Arbiter explain an arbitration decision relating to any Dispute, provided that such request is made within twenty (20) days after such decision is made. Upon such request, the Arbiter will explain the ruling in writing. |
| **If you don't want to arbitrate, can you still get a loan?** | Yes. You can get our services and decide not to arbitrate. | 1. To opt out of arbitration, sign this Agreement and then timely opt-out, as described in the next box below.<br>2. You may also possibly avoid arbitration by contacting us and attempting to settle any Disputes informally, outside of arbitration, provided that this sentence shall not limit this Clause in any way.<br>3. You may also seek to resolve Disputes in small-claims court, within applicable state law limits. |
| **Can you reject Arbitration?** | Yes. | **If you wish not to arbitrate all Claims as provided in this Clause, then you have the right to opt out. To opt out of arbitration, you must deliver written notice to us within thirty (30) days following the date of this Agreement. Your notice should include your name, address, account number, and date, and state that you "opt out." Send to attention: Arbitration Claims, AmeriCashLoans.net, 880 Lee Street Suite 302, Des Plaines, IL 60016. This is the only way you can reject this Clause, and no one may reject on your behalf. If you opt out, it will only apply to this Clause in this Agreement.** |

**NOTICE**
**YOU AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO INTIATE OR PARTICIPATE IN A CLASS ACTION OR COLLECTIVE ACTION RELATED TO THIS AGREEMENT.**

**REPRESENTATIONS AND WARRANTIES:** You hereby promise, represent, and warrant as follows: (a) that all information you have provided to us is accurate; (b) that the bank account on which the Check or ACH authorization, if one has been provided, is drawn (hereinafter "Your Account") is a legitimate, open and active account in your name; (c) that you will not close Your Account or stop payment on the Check or ACH Authorization, if provided, prior to our negotiating the payment; (d) that you will have sufficient funds in Your Account on and after the presentment date for a Check or ACH Authorization to be paid, until it is paid; (e) that you have the ability to repay this loan when due; (f) that you are at least 18 years of age and have the right to enter into this Agreement; and (g) that you are not currently a debtor under any proceeding in bankruptcy and that you have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code, and (h) that you acknowledge that you have read, understand, and agree to all of the terms of this loan agreement, including the **Jury Trial Waiver and Arbitration Clause**.

**LENDER TERMINATION RIGHT:** If, prior to disbursing the Loan proceeds to you, we determine that any of the information that you have provided to us at any time (whether before, during or after your execution of this Agreement) is false or misleading, we shall have the right, exercisable in our sole discretion, to terminate this Agreement immediately upon notice to you. Such termination right is in addition to all of our other rights and remedies under this Agreement and/or under applicable law.

**Loan Number** 00643453

**If signing in accordance with our Electronic Consent Statement, by typing your name and clicking on the "I accept" button below, you understand that doing so has the same legal effect as though you signed a paper copy of the Consumer Loan Agreement, Wage Assignment, and Electronic Fund Transfer Authorization, if applicable, and that it is a legally binding signature.** You are also certifying that you have been able to view these documents prior to signing them. If you do not wish to sign the Consumer Loan Agreement and the other documents, you may close this browser page. You can come back any time before midnight today to sign these documents, if you chose not to sign the documents, the transaction will not be processed and there is no cost to you.

By signing this Agreement, you further acknowledge that you have read and understand the Statement of Consumer Consent to the Use of Electronic Transactions, Signatures and Records.

By signing this Agreement, you acknowledge that you have received the Illinois Guide to Payday Loans, prepared by the Illinois Department of Financial and Professional Regulation, which provides general information about a consumer's rights and responsibilities in a payday loan transaction.

**WARNING: This loan is not intended to meet long-term financial needs. This loan should be used only to meet short-term cash needs. The cost of your loan may be higher than loans offered by other lending institutions. This loan is regulated by the Department of Financial and Professional Regulation.**

**You cannot be prosecuted in criminal court to collect this loan.**

| *Tiffani Felder* | *09/11/2017* | Lender, by Dustin Mauldin |
|---|---|---|
| TIFFANI FELDER | Date | its authorized Customer Service Representative |

This loan has been made pursuant to the provisions of the Illinois Payday Loan Reform Act (815 ILCS 122/1-1 et seq.)

rev. 4.26.17

**Loan Number** 00643453